**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Reem J. Bello, State Bar No. 198840
rbello@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, suite 950
Costa Mesa, California 92626
Tel (714) 445-1013   Fax (714) 966-1002

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| In re | Case No. 8:16-bk-13001-TA |
|---|---|
| FIREFORGE, INC., | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**

**(1) AUTHORIZING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) and (f);**
**(2) APPROVING OVERBID PROCEDURES; AND**
**(3) APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m);**

**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF WENETA M.A. KOSMALA AND REEM J. BELLO IN SUPPORT THEREOF**

**DATE:   November 28, 2017**
**TIME:    11:00 a.m.**
**CTRM:  5B**

MOTION

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

Weneta M.A. Kosmala, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of FireForge, Inc. (the "Debtor"), files this *Motion for Order:  (1) Authorizing Sale of Personal Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* (the "Motion") and the declarations of Weneta M.A. Kosmala (the "Kosmala Declaration") and Reem J. Bello (the "Bello Declaration") in support thereof, and respectfully represents as follows:

## I.     INTRODUCTION

By this Motion, the Trustee seeks the Court's approval of the sale of personal property assets pursuant to Sections 363(b) and (f) of the Bankruptcy Code for a purchase price of $17,500.00, subject to overbid.  As discussed below, the Trustee believes the proposed sale is in the best interest of the Estate and is supported by a valid business purpose.  The buyer's offer to acquire the assets is the only offer received by the Trustee to date.  The proposed sale will bring cash into the Estate for the benefit of unsecured creditors and is subject to overbid, ensuring that the Estate obtains the highest and best possible price for the assets.  Accordingly, the Trustee respectfully requests that this Court enter an order granting this Motion, authorizing the sale of the assets, and approving overbid procedures.

## II.     STATEMENT OF FACTS

On July 15, 2016, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  Weneta M.A. Kosmala was appointed Chapter 7 trustee.

At the Trustee's request, Independent Management Services ("IMS"), the Trustee's field representative, secured Debtor's premises at 27261 Las Ramblas, Suite 200, Mission Viejo, California 92691 (the "Premises") and prepared an inventory of Debtor's personal

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

1113682.1                                                2                                                MOTION

1  property assets which consist of office furnishings and computer equipment (the

2  "Property").  A copy of the inventory of the Property is attached to the Kosmala

3  Declaration as Exhibit "2."

4       MVPlaza, Inc., a California corporation ("MVPlaza"), Debtor's landlord at the

5  Premises, requires that the Property be moved to the basement storage area in the same

6  building (the "Storage Area").

7       MVPlaza, which is also the landlord at the building located at 27271 Las Ramblas,

8  Mission Viejo, California 92691, notified Disruptive Visions, LLC (the "Buyer"), a tenant of

9  that building, of the availability of the Property.  The Trustee subsequently discussed with

10 Buyer the purchase of the Estate's interest in the Property.  As described below, the

11 Trustee desires to sell all of the Estate's interest in the Property and Buyer desires to

12 purchase such interest.

13

14 **III.**    **PROPOSED SALE OF THE PROPERTY**

15     **A.**    **Property to be Sold**

16      The Property consists of the office furnishings and computer equipment listed in the

17 asset schedule attached to the Kosmala Declaration as Exhibit "2."

18     **B.**    **Valuation of The Property**

19      In its bankruptcy schedules, Debtor valued the Property at $40,956.60.  A copy of

20 the relevant portion of Schedule A/B, and a copy of Schedule D, are attached collectively

21 to the Kosmala Declaration as Exhibit "3."

22      IMS met with an auctioneer at the Premises who inspected the Property for

23 liquidation.  The auctioneer estimated the gross recovery on the Property by auction to be

24 in the range of $25,000 - $28,000, which, after expenses, would yield approximately

25 $21,000 in net proceeds to the Estate.

26     **C.**    **Buyer's Offer to Purchase The Property**

27      Buyer has offered to purchase the Property for a purchase price of $17,500.00.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

**D.    Lien and Proof of Claim**

Debtor's Schedule D lists the secured claim of THL A10 Limited ("THL") in excess of $11 million, which the Trustee has determined is a valid, fully perfected secured claim against all assets of the Estate, including the Property.  *See* Exhibit "3."  A search of public records through Westlaw revealed the following UCC filing (the "Lien"):

| Date | Secured Party | State | Filing No. | Status/ Comments |
|------|---------------|-------|------------|------------------|
| 9/4/2014 | THL A10 Limited | DE | 20143544236 | Amendment |

A copy of the Westlaw search is attached to the Bello Declaration as Exhibit "4."

In addition to the Lien, on December 20, 2016, THL filed a secured claim in Debtor's case in excess of $11 million, designated as Claim 7 (the "THL Claim").  A copy of the THL Claim is attached to the Kosmala Declaration as Exhibit "5."

The Trustee has obtained THL's consent to the sale of the Property.  THL has further agreed that the sale is free and clear of THL's Lien, the Lien will not attach to the proceeds, and the Estate will retain all proceeds for the benefit of creditors of the Estate.

**IV.    TERMS OF THE PROPOSED SALE**

The Trustee seeks to sell the all of the Estate's interest in the Property listed on Exhibit "2" attached hereto for the benefit of the Estate, and Buyer, whose address is 27271 Las Ramblas, Suite 300, Mission Viejo, California 92691, desires to purchase all of the Estate's interest in the Property listed on Exhibit "2."  The Trustee and Buyer are referred to as the "Parties."  Therefore, the Parties have entered into the Asset Purchase Agreement (the "Agreement"), a copy of which is attached as Exhibit "1" to the Kosmala Declaration.   The salient terms of the Agreement and the proposed sale (the "Sale") are as follows:

1.    Bankruptcy Court Approval.  The Sale is subject to approval of the Court.  The order approving the Sale shall become final fifteen days after it is

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

entered unless an appeal is timely-filed and a stay pending appeal is obtained (the "Final Order").

2.     Purchase of the Estate's Interests in the Property.  Buyer agrees to purchase the Property for $17,500 (the "Purchase Price"), payable as follows:  (a) the cash sum of $10,000.00 (the "Deposit") by way of cashier's check, receipt of which is acknowledged by Trustee; and (b) the cash sum of $7,500.00 (the "Balance") by way of cashier's check which shall be made payable to "Weneta M.A. Kosmala, Chapter 7 Trustee."  The Balance shall be received by Trustee no later than three (3) days prior to the date of the hearing on this Motion.  The Purchase Price shall be held in conformity with the rules and requirements set by the Office of the United States Trustee until the Effective Date.  On the Effective Date, Buyer shall own all of the Estate's interest in the Property and the Trustee shall thereafter execute any and all documents needed to properly transfer title.  Buyer shall prepare any document which it believes is necessary to transfer the Estate's interest in the Property.

3.     Insurance Coverage.  Buyer shall add the Trustee as an additional insured to its commercial property insurance coverage (the "Evidence of Insurance"). A copy of the Evidence of Insurance is attached to the Kosmala Declaration as Exhibit "6."

4.     Removal and Storage of the Property.  Buyer shall be allowed to immediately cause the Property to be moved to the Storage Area until the Effective Date.  Buyer has obtained an estimate of $5,000.00 for moving the Property and storing it for a period of approximately 30 days while the Trustee obtains Court approval of the Sale (the "Moving and Storage Expense"), which expense will be borne by Buyer.

5. <u>No Representations or Warranties</u>.  The Property is being sold to Buyer on an as-is, where-is basis, without any representations or warranties of any kind, expressed or implied, by the Trustee.

6. <u>Overbid</u>.  The Sale of the Estate's interest in the Property is subject to overbid.  The minimum overbid shall include the Moving and Storage Expense.  In the event Buyer is not the successful bidder for the Property, the Estate will reimburse Buyer for the Moving and Storage Expense upon the close of the Sale to the successful bidder.

## V.    **PROPOSED OVERBID PROCEDURES**

### A.    **Overbid Procedures**

The Trustee proposes the following procedure to allow for overbids prior to the Court's approval of the Sale:

1. Qualifying bidders ("Qualifying Bidder") shall:

a. Bid at least $23,500.00 in cash for the Property ($17,500.00 plus $1,000.00 for the overbid and $5,000.00 for the Moving and Storage Expense);

b. Set forth in writing the terms and conditions of the offer that are at least as favorable to the Trustee as those set forth herein;

c. Be financially qualified, in the Trustee's exercise of her sound business judgment, to close the Sale;

d. Submit an offer that does not contain any contingencies to closing the Sale, including, but not limited to, financing contingencies;

e. Submit a cash deposit for the Property in the amount of $23,500.00 (the "Overbid Deposit") payable to Weneta M.A. Kosmala, Chapter 7 Trustee for the Bankruptcy Estate of FireForge, Inc., in the form of a cashier's check, which Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful Bid, as defined in paragraph 4 below.  The

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013   Fax (714) 666-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

1  Overbid Deposit, written offer, and evidence of financial qualification must be

2  delivered to the Trustee (at 3 MacArthur Place, Suite 760, Santa Ana,

3  California 92707) no later than three (3) days prior to the date of the hearing

4  on the Motion currently set for November 28, 2017, at 11:00 a.m.

5      2.      At the hearing on the Motion, only Buyer and any party who is

6  deemed a Qualifying Bidder shall be entitled to bid.

7      3.      Any incremental bid in the bidding process shall be at least $1,000.00

8  higher than the prior bid.

9      4.      At the hearing on the Motion and upon conclusion of the bidding

10  process, the Trustee shall decide, subject to Court approval, which of the bids is

11  the best bid, and such bid shall be deemed to be the "Successful Bid."  The bidder

12  who is accepted by the Trustee as the successful bidder (the "Successful

13  Bidder") must pay all amounts reflected in the Successful Bid in cash at the closing

14  of the Sale.  At the hearing on the Motion, and upon conclusion of the bidding

15  process, the Trustee may also acknowledge a back-up bidder (the "Back-Up

16  Bidder") which shall be the bidder with the next best bid.  Should the Successful

17  Bidder fail to close escrow on the Sale of the Property, the Trustee may sell the

18  Property to the Back-Up Bidder without further Court order.

19      5.      Overbids shall be all cash and no credit shall be given to the

20  purchaser or overbidder(s).

21

22  **VI.**  **MEMORANDUM OF POINTS AND AUTHORITIES**

23  **A.**      **The Trustee May Sell Property of the Estate Pursuant to**

24          **11 U.S.C. § 363(b)**

25      11 U.S.C. § 363(b) empowers a trustee to "use, sell or lease . . . other than in the

26  ordinary course of business, property of the estate."  In considering a proposed

27  transaction to use, sell, or lease, courts look at whether the transaction is in the best

28  interests of the estate based on the facts and history of the case.  <u>In re America West</u>

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013   Fax (714) 966-1002

1   _Airlines_, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing _In re Lionel Corp_., 722 F.2d

2   1063, 1071 (2d Cir. 1983)).  This requires examination of the "business justification" for

3   the proposed sale.  _In re 240 North Brand Partners, Ltd._, 200 B.R. 653 (B.A.P. 9th Cir.

4   1996); _In re Wilde Horse Enterprises, Inc._, 136 B.R. 830 (Bankr. C.D. Cal. 1991); _In re_

5   _Ernst Home Center, Inc._, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

6          "In approving any sale outside the ordinary course of business, the court must not

7   only articulate a sufficient business reason for the sale, it must further find it is in the best

8   interest of the estate, i.e., it is fair and reasonable, that it has been given adequate

9   marketing, that it has been negotiated and proposed in good faith, that the purchaser is

10   proceeding in good faith, and that it is an "arms-length" transaction."  _In re Wilde Horse_

11   _Enterprises, Inc._, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); _In re 240 North Brand_

12   _Partners, Ltd._, 200 B.R. 653 (B.A.P. 9th Cir. 1996).  A bankruptcy court's power to

13   authorize a sale under § 363(b) is reviewed for abuse of discretion.  _In re Walter_, 83

14   B.R. 14, 19 (B.A.P. 9th Cir. 1988).

15          Here, the proposed transaction has a legitimate business justification and is in the

16   best interest of the Estate.  With the assistance of an auctioneer, the Trustee has

17   attempted to determine the value of the Property.  Besides Buyer, no other potential

18   purchaser has made an offer.  Notice of the Sale is being provided to all creditors, and the

19   Sale is subject to overbid.  As discussed below, the Trustee believes Buyer's offer

20   represents fair value for the Property.  Additionally, Buyer has provided a valuable service

21   by removing and storing the Property at its expense.  Accordingly, the Trustee believes

22   that the proposed Sale is fair and reasonable and within the proper exercise of her

23   business judgment.  _See_ Kosmala Declaration.

24          **B.**     **The Trustee May Sell the Property Free and Clear of Liens, Claims and**

25                  **Interests**

26          The Trustee seeks this Court's authority to sell the Property free and clear of liens

27   pursuant to 11 U.S.C. §§ 363(b) and (f) of the Bankruptcy Code.  11 U.S.C.

28   § 363(b) provides that:

1113682.1                              8                                   MOTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

In addition, 11 U.S.C. § 363(f) provides that:

[t]he trustee may sell property. . . free and clear of any interest in such property of an entity other than the estate, only if _. . .

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;. . .

(2)    such entity consents;. . .

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Because subsections (1) through (5) of Bankruptcy Code § 363(f) are written in the disjunctive, authority to sell the Property free and clear of any and all interests therein should be granted if, with respect to each lien holder, any of the conditions are met.

In this case, the Trustee has the consent of the secured creditor, THL, to the Sale. THL has also agreed that the Sale is free and clear of the THL Lien, the Lien will not attach to the Sale proceeds, and the Estate will retain all proceeds for the benefit of creditors of the Estate. *See* Bello Declaration.

**C.    Tax Consequences**

To the extent there is any tax liability to the Estate from the Sale, the Trustee is authorized to pay such taxes from the Estate's portion of the net proceeds. *See* Kosmala Declaration.

**D.    Adequate Notice of the Sale is Proposed**

The Trustee proposes to provide notice of the Sale to be posted by the Clerk's Office and to serve notice of the Sale on the Office of the United States Trustee, all

creditors, and all other parties who have requested special notice in this case. Further,

the Sale is subject to overbid, and the ability of other potentially interested parties to

provide competing offers for the Property ensures that the proposed Sale will not result in

a lucrative "windfall" to the Successful Bidder at the expense of creditors of the Estate.

*See In re Onouli Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988). Finally, the Broker will,

as part of his employment, advertise and make known the Sale of the Property.

**E.    Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to 11 U.S.C. § 363(m)**

11 U.S.C. § 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.'" Ewell v. Diebert

(In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992) (citing In re Abbotts Dairies of

Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986)). "[L]ack of good faith is [typically]

shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an

attempt to take grossly unfair advantage of other bidders.'" Id. (quoting Community Thrift &

Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir. 1985)). In the instant case,

Buyer is buying in good faith and has offered to pay fair value for the Property. The

anticipated Sale has been negotiated with Buyer in "arm's-length" discussions. To the

Trustee's knowledge, Buyer is not related in any way to the Trustee or the Trustee's

counsel. *See* Kosmala Declaration. Moreover, the Sale will be conducted in a

commercially reasonable manner following appropriate notice. Based on such facts and

circumstances, the Trustee believes that this Court can properly determine Buyer as a

"good faith purchaser" pursuant to 11 U.S.C. § 363(m).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

**F.    The Bankruptcy Court Has the Authority to Implement the**

**Proposed Overbid Procedures**

Implementation of the bidding procedures is an action outside of the ordinary course of business.  11 U.S.C. § 363(b)(1) provides that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

The bankruptcy court may issue orders determining the terms and conditions for overbids with respect to a sale of estate assets, including specifying the minimum consideration required for an overbid, the particular contractual terms required to be offered by over bidders, and requiring and setting the amount of potential over bidder's deposits.  *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982).  The overbid procedures proposed in this Motion will ensure that the Property will generate the greatest possible value to the Estate.  They also place appropriate checks upon over bidders to ensure that only Qualified Bids are considered.

**G.    Waiver of the Stay is Appropriate**

Under Rule 6004(h), an order authorizing the sale of property is stayed for 14 days after the entry of the order, *unless the court orders otherwise*.  Fed. R. Bankr. P. 6004(h).  The Advisory Committee Note states that the court may, in its discretion, order that the stay is inapplicable so that the sale or assumption may take place immediately upon entry of the order.  Fed. R. Bankr. P. 6004(g) Advisory Committee's Note.

Here, the waiver of the stay imposed by Rule 6004(h) is appropriate.  Time is of the essence in obtaining approval of the Sale.  The Court's order granting this Motion must become a final order before the Sale can close.  Accordingly, the Trustee requests that the Court waive the stay imposed by Rule 6004(h).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

## VII.  **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that this Court enter an order granting the Motion as follows:

1.  Approving the overbid procedures outlined in the Motion;

2.  Approving the Agreement which is attached hereto as Exhibit "1," and authorizing the Trustee to sell the Property listed on Exhibit "2" to Buyer (or any successful overbidder) "as is," "where is," without representation or warranty, free and clear of any and all liens, claims, and interests, pursuant to 11 U.S.C. §§ 363(b) and (f), and determining that Buyer is entitled to the protections of § 363(m);

3.  Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Sale;

4.  Authorizing the return of any Overbid Deposit without further court order to those whose bids are not deemed to be the Successful Bid;

5.  Determining that any other Qualified Bidder whose bid is determined to be the highest and best bid for the Property is a "good faith purchaser" pursuant to 11 U.S.C. § 363(m);

6.  Waiving any requirements for lodging periods imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy rules;

7.  Waiving the stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules; and

8.  For such other and further relief as the Court may deem just and proper.

Dated:  November 7, 2017                    Respectfully submitted,

LOBEL WEILAND GOLDEN FRIEDMAN LLP


By: /s/ Reem J. Bello
        REEM J. BELLO
        Attorneys for Chapter 7 Trustee
        Weneta M.A. Kosmala

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel (714) 445-1013  Fax (714) 966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

# DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare as follows:

1.      I am the Chapter 7 trustee for the bankruptcy estate of FireForge, Inc. (the "Debtor").  Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order:  (1) Authorizing Sale of Personal Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* (the "Motion").  Any term not specifically defined herein shall have the meaning provided in the Motion.

2.      According to the Court's docket, on July 15, 2016, Debtor filed its voluntary Chapter 7 petition.  I was appointed Chapter 7 trustee.

3.      At my request, Independent Management Services ("IMS"), my field representative, secured Debtor's premises at 27261 Las Ramblas, Suite 200, Mission Viejo, California 92691 (the "Premises") and prepared an inventory of Debtor's personal property assets which consist of office furnishings and computer equipment (the "Property").  A true and correct copy of the inventory of the Property is attached as Exhibit "2."

4.      MVPlaza, Inc., a California corporation ("MVPlaza"), Debtor's landlord at the Premises, requires that the Assets be moved to the basement storage area in the same building (the "Storage Area").

5.      MVPlaza, which is also the landlord at the building located at 27271 Las Ramblas, Mission Viejo, California 92691, notified Disruptive Visions, LLC (the "Buyer"), a tenant of that building, of the availability of the Assets.  I subsequently discussed with Buyer the purchase of the Estate's interest in the Assets.  As described below, I desire to sell all of the Estate's interest in the Assets and Buyer desires to purchase such interest.

6.      In its bankruptcy schedules, the Debtor valued the Property at $40,956.60. A true and correct copy of the relevant portion of Schedule A/B, and a copy of Schedule D, are attached collectively as Exhibit "3."

7.      I am informed that IMS met with an auctioneer at the Premises who inspected the Property for liquidation.  The auctioneer estimated the gross recovery on the Property by auction to be in the range of $25,000 - $28,000, which, after expenses, would yield approximately $21,000 in net proceeds to the Estate.

8.      The subject of the Motion is the Sale to Buyer for $17,500.00, subject to overbid and Bankruptcy Court approval, pursuant to the Agreement, a true and correct copy of which is attached as Exhibit "1."  I am in receipt of the Deposit.

9.      Buyer shall add me, as the Trustee, as an additional insured to its commercial property insurance coverage (the "Evidence of Insurance").  A true and correct copy of the Evidence of Insurance is attached as Exhibit "6."

10.     Buyer shall be allowed to immediately cause the Property to be moved to the Storage Area until the Effective Date.  Buyer has obtained an estimate of $5,000.00 (the "Moving and Storage Expense") for moving the Property and storing is for a period of approximately 30 days while Court approval of the Sale is obtained.  The Moving and Storage Expense will be borne by Buyer.

11.     Debtor's Schedule D lists the secured claim of THL A10 Limited ("THL") in excess of $11 million, which I have determined is a valid, fully perfected secured claim against all assets of the Estate, including the Property.

12.     On December 20, 2016, THL filed a secured claim in Debtor's case in excess of $11 million, designated as Claim 7 (the "THL Claim").  A true and correct copy of the THL Claim is attached as Exhibit "5."

13.     I believe Buyer is offering fair market value for the Property and that the proposed Sale is fair and reasonable and within the proper exercise of my business judgment.  Buyer has provided a valuable service by removing and storing the Property at its expense.  To my knowledge, Buyer is not related in any way to me or to my counsel.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  The anticipated sale of the Property has been negotiated in good faith with Buyer in

2  "arms-length" discussions.  Moreover, the sale will be conducted in a commercially

3  reasonable manner following appropriate notice to all creditors, with an opportunity for

4  overbids.  I have received no other offers for the Property.

5        14.    To the extent there is any tax liability to the Estate from the sale, I am

6  authorized to pay such taxes from the net proceeds of the Sale.

7        I declare under penalty of perjury that the foregoing is true and correct.

8        Executed on this __7th__ day of November, 2017, at Santa Ana, California.

11                                         _____
                                               WENETA M.A.KOSMALA

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# DECLARATION OF REEM J. BELLO

I, Reem J. Bello, declare as follows:

1.    I am a partner of Lobel Weiland Golden Friedman LLP, counsel for Weneta M.A. Kosmala, the Chapter 7 trustee for the bankruptcy estate of FireForge, Inc. (the "Debtor").  Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order:  (1) Authorizing Sale of Personal Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* (the "Motion").  Any term not specifically defined herein shall have the meaning provided in the Motion.

2.    My office conducted a search of public records through Westlaw which revealed the following UCC filing:

| Date | Secured Party | State | Filing No. | Status/ Comments |
|------|---------------|-------|------------|------------------|
| 9/4/2014 | THL A10 Limited | DE | 20143544236 | Amendment |

A true and correct copy of the UCC Connect search is attached as Exhibit "4."

3.    The Trustee has the consent of the secured creditor, THL, to the Sale.  THL has also agreed that the Sale is free and clear of the THL Lien, the Lien will not attach to the Sale proceeds, and the Estate will retain all proceeds for the benefit of creditors of the Estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of November, 2017, at Costa Mesa, California.

/s/ Reem J. Bello
REEM J. BELLO

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (the "Agreement") dated October __, 2017, is made, executed, and entered into between Weneta M.A. Kosmala, solely in her capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of FireForge, Inc. (the "Debtor"), on the one hand, and Disruptive Visions, LLC ("Buyer"), on the other hand (collectively, the "Parties" and each individually, a "Party"), with respect to the following facts, circumstances, understandings and beliefs (collectively, the "Recitals"):

## RECITALS

A.      On July 15, 2016, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, commencing case no. 8:16-bk-13001-TA (the "Bankruptcy Case").  Weneta M.A. Kosmala was appointed Chapter 7 trustee.

B.      At Trustee's request, Independent Management Services ("IMS"), Trustee's field representative, secured Debtor's premises at 27261 Las Ramblas, Suite 200, Mission Viejo, California 92691 (the "Premises") and prepared an inventory of Debtor's personal property assets which consist of office furnishings and computer equipment (the "Assets").  A copy of the inventory of the Assets is attached hereto as Exhibit "1."

C.      Debtor's landlord at the Premises (the "Landlord") requires that the Assets be moved to the basement storage area in the same building (the "Storage Area").

D.      IMS met with an auctioneer at the Premises who inspected the Assets for liquidation.  The auctioneer estimated the gross recovery on the Assets by auction to be in the range of $25,000 - $28,000, which, after expenses, would yield approximately $21,000 in net proceeds to the Estate.

E.      Debtor's Landlord, which is also the landlord at the building located at 27271 Las Ramblas, Mission Viejo, California 92691, notified Buyer, a tenant of that building, of the availability of the Assets.  Trustee subsequently discussed with Buyer the purchase of the Estate's interest in the Assets.  As described below, Trustee desires to sell all of the Estate's interest in the Assets and Buyer desires to purchase such interest.

## AGREEMENT

Pursuant to the foregoing Recitals and for good and valuable consideration, the sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

1

EXHIBIT 1     PAGE 1

# ARTICLE 1
## APPROVAL ORDER, FINDINGS, AND BINDING EFFECT OF AGREEMENT

**1.1** **Binding Effect.** This Agreement shall become effective and binding the first business day (the "Effective Date") after entry by the Bankruptcy Court of a Final Order approving this Agreement and authorizing Trustee to enter into this Agreement. "Final Order" means an order of the Bankruptcy Court entered on the Bankruptcy Court docket (i) that is not timely appealed, or (ii) that is timely appealed but no order staying the effects of the approval order is obtained within fifteen (15) days after entry of the approval order, or (iii) it is timely appealed and stayed but the appellate court with proper jurisdiction affirms the approval order and no subsequent appeal is taken.

**1.2** **Court Approval.** As soon as reasonably practicable after execution of this Agreement, Trustee shall file a motion seeking authority to enter into this Agreement and for approval of the Agreement. All Parties shall in good faith exercise all reasonable efforts to cooperate with Trustee and obtain an order approving the Agreement, including, if necessary, appearing at hearings and preparing and filing supporting notices, motions and other documents necessary to obtain an order approving the Agreement or for the resolution of an appeal or motion for stay, review, reconsideration, re-argument, rehearing, or certiorari relating to the appeal.

# ARTICLE 2
## TERMS OF THE SALE

**2.1** **Purchase of the Estate's Interest in the Assets.** For the cash sum of $17,500.00 (the "Purchase Price"), Buyer shall purchase the Assets as-is, where-is, without representation or warranty of any kind, free and clear of all liens, claims or encumbrances, and subject to overbid. The Purchase Price shall be payable as follows:

  a. The cash sum of $10,000.00 (the "Deposit") by way of cashier's check. Receipt of the Deposit is acknowledged by Trustee.

  b. The cash sum of $7,500.00 (the "Balance") by way of cashier's check which shall be made payable to "Weneta M.A. Kosmala, Chapter 7 Trustee." The Balance shall be received by Trustee no later than three (3) days prior to the date of the hearing on Trustee's motion seeking authority to enter into this Agreement and for approval of the Agreement. The Purchase Price shall be held in conformity with the rules and requirements set by the Office of the United States Trustee until the Effective Date. On the Effective Date, Buyer shall own all of the Estate's interest in the Assets and Trustee shall thereafter execute any and all documents needed to properly transfer title. Buyer shall prepare any document which it believes is necessary to transfer the Estate's interest in the Assets.

2

EXHIBIT 1    PAGE 2

**2.2**    <u>Insurance Coverage.</u>  Buyer shall add Trustee as an additional insured to its commercial property insurance coverage (the "Evidence of Insurance").  Receipt of the Evidence of Insurance is acknowledged by Trustee.

**2.3**    <u>Removal and Storage of the Assets</u>.  Buyer shall be allowed to immediately cause the Assets to be moved to the Storage Area until the Effective Date.  Buyer has obtained an estimate of $5,000.00 for moving the Assets and storing them for a period of approximately 30 days while the Trustee obtains Court approval of the sale (the "Moving and Storage Expense"), which expense will be borne by Buyer.

**2.4**    <u>No Representations or Warranties.</u>  The Assets are being sold to Buyer on an as-is, where-is basis, without any representations or warranties of any kind, expressed or implied, by Trustee.

**2.5**    <u>Subject to Overbids.</u>  The sale of the Estate's interest in the Assets shall be subject to overbid.  The minimum overbid shall include the Moving and Storage Expense.  In the event Buyer is not the successful bidder for the Assets, the Estate will reimburse Buyer for the Moving and Storage Expense upon the close of the sale to the successful bidder.

ARTICLE 3
RELEASE OF CLAIMS

**3.1**    <u>Buyer's Release of Claims Against Trustee and the Estate.</u>  Upon the Effective Date, Buyer for itself and its heirs, successors, assigns, agents, and attorneys, shall be deemed to have released and discharged Trustee, in both her official and personal capacity, the Estate, and their agents, administrators, attorneys, and accountants from any and all interests, claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which they may now own or hold, or may have previously owned or held, or may in the future own or hold, arising out of the Bankruptcy Case, the Assets and this Agreement.

ARTICLE 4
ADDITIONAL REPRESENTATIONS AND WARRANTIES

**4.1**    <u>Capacity to Enter Into the Agreement.</u>  Buyer hereby states, certifies, warrants, and represents to Trustee that it has the right, power, capacity, and authority to enter into this Agreement, to fully perform its obligations under this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which it is bound.  Trustee, upon the Bankruptcy Court's approval of this Agreement, states, certifies, warrants, and represents to Buyer that she has the right, power, capacity, and authority to enter into this Agreement, to fully perform her

3

EXHIBIT 1    PAGE 3

obligations under this Agreement, and this Agreement does not violate any agreement by which she is bound.

**4.2    Representation by Legal Counsel.**  Each Party represents that they acted pursuant to the advice of independent legal counsel of their own choosing in connection with the negotiation, preparation, and execution of this Agreement, or that they were advised to obtain the advice of such independent legal counsel, had fair and reasonable opportunity to obtain the advice of such legal counsel and willfully declined to obtain the advice of such independent legal counsel.

**4.3    No Undisclosed Inducements.**  The Parties represent that they entered into this Agreement solely in reliance upon their own independent investigation and analysis of the relevant facts and circumstances, and that no representations or warranties other than those set forth in this Agreement were made by any other party or any employee, agent or attorney of any other party to induce said party to enter into this Agreement.

**4.4    No Admission of Liability.**  This Agreement is for the sole purpose of selling the Assets described herein.  It is expressly understood and agreed that this Agreement does not constitute, and is not evidence of any admission by any of the Parties hereto of any liability or the truth of any allegations whatsoever.

**4.5    Good Faith and Fair Dealing.**  This Agreement was negotiated in good faith, at arm's length, and for good, reasonable and fair consideration as to all Parties.

**4.6    Truth and Accuracy of Warranties and Representations.**  Each warranty and representation set forth in this Agreement will be, and the Party making the same will cause same to be, true and correct from the time of execution of this Agreement, until the performance by such Party of each and all of the Parties' obligations under this Agreement.

**4.7    Survival.**  This Agreement and each statement, certification, representation, warranty, disclosure, disclaimer, waiver, duty, obligation, promise, covenant, agreement, term, condition and provision set forth in this Agreement will survive the consummation of all terms and conditions of this Agreement.

## ARTICLE 5
## GENERAL TERMS AND PROVISIONS

**5.1    Further Assurances.**  The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary to consummate the Agreement.

**5.2    Entire Agreement.**  This Agreement will constitute the entire agreement between the Parties and supersedes all prior or contemporary understandings or agreements.  No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the Parties to be bound thereby.

EXHIBIT 1    PAGE 4

**5.3**     **No Waiver.**  No waiver of any of the provisions of the Agreement shall be deemed, or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed by the Party making the waiver.

**5.4**     **Modification.**  The Agreement shall not be modified by any Party by oral representation made before or after the execution of the Agreement.  All modifications must be in writing and signed by all Parties.

**5.5**     **Failure or Delay Not a Waiver.**  No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

**5.6**     **Construction.**  Each Party will be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal responsibility for the preparation of this document and any exhibits hereto, such that neither this document, nor any exhibit hereto, nor any uncertainty or ambiguity herein or therein, will be arbitrarily construed or resolved against any Party pursuant to any law or rule of construction to the effect that ambiguities in documents are to be construed against the drafter of the document.

**5.7**     **Severability.**  In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

**5.8**     **No Other Beneficiaries.**  The Parties acknowledge that this Agreement is solely for their own benefit and that of their successors and assigns.

**5.9**     **Limitation of Remedies and Damages.**  In the event that there is any dispute under this Agreement, the aggrieved Party shall not be entitled to exemplary or punitive damages so that the aggrieved Party's remedy in connection with any action arising under or in any way related to this Agreement shall be limited to a breach of contract action and any damages in connection therewith are limited to actual and direct damages.

**5.10**    **Attorneys' Fees.**  In the event that any litigation, arbitration or other proceeding is brought to enforce or interpret any part of this Agreement, or because of an alleged dispute, default, misrepresentation, or breach in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover as costs of suit and not as damages, reasonable attorneys' fees, costs and expenses actually incurred in connection therewith.

**5.11**    **Governing Law and Jurisdiction.**  This Agreement is made under and will be construed in accordance with and governed by the laws of the State of California.  In the

EXHIBIT 1    PAGE 5

event that a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California, Santa Ana Division, shall have exclusive jurisdiction to interpret and enforce this Agreement.

**5.12**   **Notices.**   Except as otherwise provided by this Agreement, any notices or other communications to be given pursuant to this Agreement shall be delivered to the appropriate Party and their counsel at the address shown below, until written notice of a different address is given by such Party or counsel in accordance with this section.  Any notices or other communications must be in writing.  Any notices or other communications given by personal service shall be deemed to have been received upon delivery.  Any notices or other communications given by first class mail, postage prepaid, addressed to the address required by this section, shall be deemed to have been received three business days following the deposit thereof with the United States Post Office.  Any notices or other communications given by overnight courier service shall be deemed to have been received on the date of delivery confirmed by the courier service.  Any notice given by facsimile transmission shall be deemed to have been received on the date upon which the recipient's facsimile machine electronically confirms the receipt of such notice.

| | |
|---|---|
| To Trustee: | Weneta M.A. Kosmala<br>3 MacArthur Place, Suite 760<br>Santa Ana, California 92707 |
| With a copy to<br>Trustee's Counsel: | Reem J. Bello<br>LOBEL WEILAND GOLDEN FRIEDMAN LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Telephone:   (714) 966-1000<br>Facsimile:   (714) 966-1002<br>Email:        rbello@lwgfllp.com |
| To Buyer: | Marc Anthony<br>Disruptive Visions, LLC<br>27271 Las Ramblas, Suite 300<br>Mission Viejo, California 92691<br>Telephone:   (949) 502-3800<br>Email:        manthony@blackdotwireless.com |

**5.13**   **Counterparts and Electronic Signatures.**   This Agreement may be executed in counterparts, which shall together constitute one document.  A facsimile or electronic signature shall constitute an original signature.  When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

6

EXHIBIT 1    PAGE 6

**5.14**   <u>**Meaning of Pronouns and Effect of Headings.**</u>   As used in this Agreement, the masculine, feminine and/or neuter gender, and the singular or plural form shall include the other gender or form when appropriate.  The captions and paragraph headings in this Agreement are used solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of this Agreement.


DATED:  October ___, 2017

_____
WENETA M.A. KOSMALA, Chapter 7 Trustee
of the Bankruptcy Estate of FireForge, Inc.


DATED:  October 2, 2017

DISRUPTIVE VISIONS, LLC

By: _____
      Marc Anthony

Its: _____
      Manager

7

EXHIBIT 1     PAGE 7

# EXHIBIT 2

ESTATE OF FIREFORGE

W. KOSMALA, TRUSTEE
CASE NO 8:16-13001-TA

OFFICE INVENTORY

| LOCATION | QTY | DESCRIPTION |
|---|---|---|
| RECEPTION | | GRAY RECEPTION CENTER / QUARTZ TOP W/ WALNUT BASE |
| RECEPTION OFFICE | 2 | BLACK PENDANT LIGHTS |
| | 1 | 37" SAMSUNG TV |
| | 1 | MATCHING CREDNEZA TO RECEPTION CENTER |
| INTERIOR OFFICES  #1-5 | 8 | WALNUT WOOD WORK TABLES/DESKS |
| | 1 | RIGHT RETURN MODULAR DESK |
| | 1 | BLACK METAL 4 DRAWER FILE |
| DIRECTOR'S OFFCIE  #6 | 1 | SMALL ROUND BLACK MEETING TABLE |
| | 1 | BLACK RIGHT RETURN DESK |
| | 1 | BLACK CREDENZA/TABLE W/ OVERHEAD GLASS W/ SILVER /WHITE CABINETS |
| | 1 | BLACK LEATHER EXECUTIVE CHAIR |
| | 1 | 5 FT BLACK BOOKSHELF |
| | 1 | SILVER FLOOR LAMP |
| | 1 | HP OFFICEJET 6500 A PRINTER |
| | 1 | DELL COMUTER W/ (2) MONOPRICE MONITORS, MOUSE, KEYBOARD |
| | 2 | ALERA CHAIRS - BLACK LEATHER SWIVEL W/ ARMS, CHROME BASE |
| | 1 | 10 X 48 GLASS WALL BOARD |
| OFFICES #7 - #9 | 6 | WALNUT WOOD WORK TABLES/DESKS |
| | 1 | LEFT RETURN BLACK DESK |
| | 1 | BLACK LEATHER DESK CHAIR |
| LARGE CONF ROOM - #10 | 34 | ALERA CHAIRS - BLACK LEATHER SWIVEL W/ ARMS, CHROME BASE |
| | 1 | 12 FOOT BLACK CONFERENCE TABLE; 4 PIECES; 36" EACH |
| | 2 | GLASS WALL BOARDS, (1) 8 X 4; (1) 10 X 4 |
| OFFICES  #11 - #12 | 2 | WALNUT WOOD WORK TABLES/DESKS |
| OFFICE  #13 | 1 | WALNUT WOOD WORK TABLES/DESKS |
| | 1 | 7 FT BLACK BOODSHELF |
| | 1 | ERGO DESK CHAIR |
| | 1 | PANASONIC PHONE |
| | 1 | NEAT SCANNER |
| | 1 | CANNON IMAGE CLASS MF4890DW PRINTER |
| | 1 | STAPLES TITANIUM CUTTER/SHREDDER |
| | 1 | IGLOO MINI FRIDGE |
| | 1 | GRAY PORTABLE UNDER DESK FILE |
| SM CONF ROOM - #14 | 1 | 9 FOOT BLACK CONFERENCE TABLE; 3 PIECES; 36" EACH |
| | 2 | MATCHING CREDENZAS W/ GRAY QUARTZ TOP W/ UNDER SHELVES |
| | 1 | 9 X 4 GLASS WALL BOARD |

EXHIBIT 2    PAGE 1

ESTATE OF FIREFORGE

W. KOSMALA, TRUSTEE

CASE NO 8:16-13001-TA

OFFICE INVENTORY

| | | |
|---|---|---|
| OFFICES #15 - #17 | 5 | WALNUT WOOD WORK TABLES/DESKS |
| | | BLACK CREDENZA |
| | | WALNUT VENEER COMPUTER WORK STATION |
| | | |
| OFFICE #18 - STORAGE | 9 | WALNUT WOOD WORK TABLES/DESKS; TOPS ONLY LEGS SEPARATE |
| | | UNASSEMBLED CONFERENCE TABLE |
| | | PLASTIC FLUORSCENT COVERS |
| | | STACK OF 2X4 WOOD |
| | | CINDER BLOCKS |
| | 18 | BLACK MESH TRASH CANS |
| | 16 | BLACK PLASTIC TRASH CANS |
| | 65 | COMPUTER BATTERY SUPPLY, APC 1500 BACKUPS; WORKING ORDER UNCONFIRME |
| | | |
| OFFICE #19 - #20 | 2 | WALNUT WOOD WORK TABLES/DESKS; TOPS ONLY LEGS SEPARATE |
| | 1 | COMPUTER STAND W/ SHELF |
| | | |
| COMMON AREA | 12 | WALNUT WOOD WORK TABLES/DESKS; TOPS ONLY LEGS SEPARATE |
| | 69 | COMPUTER BATTERY SUPPLY, APC 1500 BACKUPS |
| | 25 | ERGO DESK CHAIRS |
| | 10 | FABRIC SECRETARIAL CHAIRS |
| | 31 | GRAY UNDER DESK PORTABLE FILES |
| | 7 | BLACK UNDER DESK PORTABLE FILES |
| | 2 | PORTABLE WHITE BOARDS, 3 X 6 |
| | 1 | GLASS WALL BOARDS, 6 X 5 |
| | 3 | WALNUT WOOD WORK TABLES/DESKS; TOPS ONLY LEGS SEPARATE |
| | 1 | BLACK LEATHER EXECUTIVE CHAIR |
| | 4 | BLACK LEATHER STOOLS W/ BACKS, CHROME BASE |
| | 13 | GOOSENECK DESK LAMPS, BLACK |
| | 3 | GRAY FLOOR FANS |
| | 1 | GRAY SWIVEL STOOL (DR. STYLE) |
| | 6 | BLACK FABRIC STACKING CHAIRS |
| | 3 | BLACK FLOOR LAMPS |
| | 15 | CUBBY BLACK SHELF UNITS,  (16) CUBES PER; 4 FT LONG |
| | 3 | CUBBY BLACK SHELF UNITS,  (25) CUBES PER; 6 FT LONG |
| | 2 | BLACK MESH TRASH CANS |
| | | |
| COMMON AREA - NEAR | 3 | HIGH TOP WALNUT WOOD WORK TABLES/DESKS |
| LARGE CONF ROOM | 8 | WALNUT WOOD WORK TABLES/DESKS; TOPS ONLY LEGS SEPARATE |
| | 1 | TWO DRAWER CREDENZA |
| | 2 | DECORATIVE FREE STANDING SHELVES, WOOD & ALUMINUM |
| | 1 | ALUMINUM PORTABLE TABLE W/ SHELVES; |
| | 1 | PORTABLE WOODEN COFFEE TABLE/CART |
| | 1 | GRAY PLASTIC UTILITY CART |
| | | MISC OFFICE SUPPLIES, DECORATIVE NIC NACS, KITCHEN SUPPLIES |

EXHIBIT 2    PAGE 2

ESTATE OF FIREFORGE

W. KOSMALA, TRUSTEE

CASE NO 8:16-13001-TA

OFFICE INVENTORY

| | | |
|---|---|---|
| KITCHEN | 1 | GRAY QUARTZ ISLAND, 13 FT W/ DARK WOOD CABINETS BELOW, 5 STOOLS AROUNI |
| | 1 | GRAY HIGH TOP TABLE W/ WOOD TOP AND (2) MATCHING BAR STOOLS |
| | 1 | BLACK MAYTAG REFRIGERATOR |
| | 1 | PANASONIC MICROWAVE |
| | 1 | PORTABLE GRAY WOODEN TABLE/CART |
| | 1 | 4 FT STEP LADDER |
| | 1 | JENN AIR DISHWASHER |
| | 1 | BUNN DOUBLE BREW COFFEE SYSTEM W/ HOT WATER |
| | 1 | BUNN COFFEE GRINDER |
| | | |
| COMMON AREA  - | 6 | HIGH TOP WALNUT WOOD WORK TABLES/DESKS; |
| OUTSIDE KITCHEN | 1 | CANNON IMAGE CLASS PRINTER |
| | 19 | WALNUT WOOD WORK TABLES/DESKS; |
| | 3 | FLOOR LAMPS |
| | 2 | PENDANT LIGHTS |
| | 2 | 10 X 4 GLASS WALL BOARD |
| | 45 | DELL XP5 CPU |
| | 2 | WACOM INTUOS PTR - 640 |
| | 1 | DELL LAPTOP XPS WINDOWS 7 |
| | 2 | D LINKS |
| | 1 | TARGUS USB 3.0 DISPLAY LINK |
| | 1 | DELL DISPLAY LINK D3000 |
| | 1 | LENOVO THINKPAD IN CARRY CASE |
| | 4 | ORIGIN CHRONICS PC |
| | 1 | ASUS GAMING DESKTOP W/ ASUS ADAPTORS |
| | 5 | WACOM MONITORS |
| | 1 | ANTEC DELL - WINDOWS 7 CPU |
| | 1 | POWER SPEC CPU "NEEDS CPD, DVD, .." |
| | 1 | DELL DIMENSION 5510 CPU |
| | 1 | HP XM 4600 WORKSTATION |
| | | |
| SERVER ROOM - 1 | 2 | BLACK ERGO CHAIRS |
| | | PANDUIT CABLE MANAGEMENT |
| | 4 | AMP NET CONNECT CATEGORY 6 SYSTEM |
| | 1 | BARRACUDA NETWORK FIREWALL X300 |
| | 1 | CISCO ROUITER |
| | 1 | APC 1500 BATTERY BACKUP |
| | 1 | ALTRONIX |
| | 1 | AMERICAN DYNAMICS |
| | 1 | DIGIUM SWITCHVOX 80 |
| | 1 | DELL MONITOR |
| | 1 | SERVER RACH |
| | 2 | GRAY METAL WAREHOUSE RACKS |
| | 1 | GRAY PORTABLE FILE |

EXHIBIT 2    PAGE 3

ESTATE OF FIREFORGE

W. KOSMALA, TRUSTEE
CASE NO 8:16-13001-TA

OFFICE INVENTORY

| | |
|---|---|
| 1 | HIGH TOP WALNUT WOOD WORK TABLES/DESKS; |
| 1 | WALNUT WOOD WORK TABLES/DESKS; |
| 1 | CHALLENGER TRANSFORMER 3 PHASE 60 HERTZ |
| 1 | PLASTIC BINS OF IT CABLING - KEYBOARDS, MICE |
| 1 | BOX - MICE |
| 1 | BOX - GAME CONTROLLERS (2) PLASTIC PROTOTYPE GAME GUNS |
| 1 | DELL XPS |
| 1 | APC BATTERY BACKUP |
| 2 | ASUS MONITORS |
| 1 | MICROSOFT KEYBOARD |
| 2 | LOGICTECH SPEAKER |
| 1 | MOUSE |
| 1 | BLACK 2 SHELF METAL UNIT |
| 1 | WOODEN STOOL |

SERVER ROOM - 2

| | |
|---|---|
| | CAGE LOCKING UNIT |
| | DELL MONITOR |
| | STAR TECH.COM 8 PORT SWITCH / OSD |
| | QNAP |
| 2 | APC SMART NPS |
| 4 | KENTECH 400 ETHERNET CONTROLLERS |
| | ALTRONIX ETHERNET CONTROLERS |
| | APC  BATTERYBACK UP |
| | GRAY WAREHOUSESHELF |
| | PLASTIC BINS OF PHONES W/ 4 LOOSE |
| | BOX OF USED HARD DRIVES |
| | BLACK AND WOOD SHELF UNIT |
| | BLACK UTILITY CUPBOARD - METAL |
| 7 | XBOX 560 CONTROLLERS - NEW IN BOX |
| 3 | COOLMAX HOMM SILENT  FANS |
| 4 | THERMALTAKE TRX 600 FANS, NEW |
| 1 | ZOTAC BOARD |
| 1 | RADEON HD 5750 |
| 1 | GIGABYTE GV-R687-0C-1GD |
| 1 | RADEON ATI BOARD |
| 1 | WESTERN DIGITAL TB H/D |
| 32 | MEMORY CARDS |
| 5 | CLOUD PRO GAMING HEADSETS |
| 3 | TANDI 5 PORT GIGABIT ETHERNET SWITCHES |
| | MOUSE PADS |
| 2 | TARGUS USB 3 |
| 8 | SETS OF COMPUTER SPEAKERS |
| 8 | LIFE HAT LX 3000 HEADPHONES (NEW IN BOX) |
| 5 | HYER X GAMING HEAD PHONES |
| 1 | GRAY FLOOR FAN |

EXHIBIT 2     PAGE 4

ESTATE OF FIREFORGE

W. KOSMALA, TRUSTEE
CASE NO 8:16-13001-TA

OFFICE INVENTORY

| BACK OFFICE | 52 | CPU MONITORS CONSISTING OF: |
|---|---|---|
| | 11 | SAMSUNG 50000-1 |
| | 5 | VIEWSONIC LED HDMI 1080P |
| | 8 | DELL STANDARD |
| | 18 | HP LP2475W |
| | 3 | DELL SWIVEL/INVERT |
| | 4 | SAMSUNG UHD |
| | 3 | ASUS |

EXHIBIT 2    PAGE 5

# EXHIBIT 3

| Debtor | **FireForge, Inc.** | | Case number *(If known)* | **8:16-bk-13001** |
|---|---|---|---|---|
| | Name | | | |

| | Name of entity: | % of ownership | | |
|---|---|---|---|---|
| 15.1. | **FireForge PTE, Limited, a company organized under the laws of the Republic of Singapore**<br>**UEN: 201107509M**<br>**71 Ayer Rajah Crescent**<br>**Singapore 139951**<br>**SINGAPORE**<br>**Application for Striking Off Approved:**<br>**6/21/2016** | **100** % | **Tax records** | **$0.00** |
| 15.2. | **FH02 Limited, a company organized under the laws of the United Kingdom of Great Britain and Northern Ireland**<br>**18 South Street**<br>**London, W1K 1DE**<br>**UNITED KINGDOM**<br>**Application for Striking Off Approved:**<br>**6/21/2016** | **100** % | **Tax records** | **$0.00** |
| 15.3. | **FirePub, Inc., a Delaware Corporation**<br>**27261 Las Ramblas, Suite 200**<br>**Mission Viejo, CA 92691** | **100** % | **Tax records** | **$0.00** |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**      **$0.00**
Add lines 14 through 16.  Copy the total to line 83.

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

18. Does the debtor own any inventory (excluding agriculture assets)?

  ■ No.  Go to Part 6.
  ☐ Yes Fill in the information below.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

  ■ No.  Go to Part 7.
  ☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

  ☐ No.  Go to Part 8.
  ■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture**<br>**Miscellaneous Office Furniture and Fixtures**<br>**attached as Exhibit "A" to Schedule B.** | $0.00 | Liquidation | $17,201.60 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

EXHIBIT 3    PAGE 1

| Debtor | **FireForge, Inc.** | | Case number *(If known)* | **8:16-bk-13001** |
|---|---|---|---|---|
| | Name | | | |

**40.**    **Office fixtures**

**41.**    **Office equipment, including all computer equipment and communication systems equipment and software**
**Miscellaneous Computer Equipment attached as Exhibit "A" to Schedule B.**        $0.00    Liquidation        $23,755.00

**42.**    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43.**    **Total of Part 7.**                              **$40,956.60**
Add lines 39 through 42.  Copy the total to line 86.

**44.**    **Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

**45.**    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46.**   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
☑ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **47.**   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48.**   **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49.**   **Aircraft and accessories** | | | |
| **50.**   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**<br>**Miscellaneous Leasehold Improvements attached as Exhibit "A" to Schedule B.** | $0.00 | Liquidation | $0.00 |

**51.**    **Total of Part 8.**                                    **$0.00**
Add lines 47 through 50.  Copy the total to line 87.

**52.**    **Is a depreciation schedule available for any of the property listed in Part 8?**
☑ No
☐ Yes

**53.**    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 9: | **Real property** |
|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

EXHIBIT 3     PAGE 2

**Fill in this information to identify the case:**

Debtor name    **FireForge, Inc.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **8:16-bk-13001**

☐ Check if this is an amended filing

Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

  ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

  ■ Yes. Fill in all of the information below.

**Part 1:**  **List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **MV Plaza, Inc.** Creditor's Name **c/o Olen Commercial Realty Corp. Attn: Traci Zauner Seven Corporate Plaza Newport Beach, CA 92660** Creditor's mailing address **daustin@olenproperties.com** Creditor's email address, if known | Describe debtor's property that is subject to a lien **Rent for Empty Suite 230** **Security Deposit for Office Building Lease 27261 Las Ramblas, Suite 250 Mission Viejo, CA 92691** Describe the lien **Lease Agreement** Is the creditor an insider or related party? ■ No ☐ Yes Is anyone else liable on this claim? ■ No ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$5,459.00** | **$18,019.06** |
| Date debt was incurred **3/18/2016** Last 4 digits of account number **1250** Do multiple creditors have an interest in the same property? ■ No ☐ Yes. Specify each creditor, including this creditor and its relative priority. | As of the petition filing date, the claim is: Check all that apply ☐ Contingent ☐ Unliquidated ☐ Disputed | | |
| **2.2** **MV Plaza, Inc.** Creditor's Name **c/o Olen Commercial Realty Corp. Attn: Traci Zauner Seven Corporate Plaza Newport Beach, CA 92660** Creditor's mailing address Creditor's email address, if known | Describe debtor's property that is subject to a lien **July 2016 Rent and Late Fees for Suite 250** **Security Deposit for Office Building Lease 27261 Las Ramblas, Suite 250 Mission Viejo, CA 92691** Describe the lien **Lease Agreement** Is the creditor an insider or related party? ■ No ☐ Yes Is anyone else liable on this claim? ■ No ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | $10,137.73 | $18,019.06 |
| Date debt was incurred **7/1/2016** Last 4 digits of account number | | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

EXHIBIT 3    PAGE 3

Debtor **FireForge, Inc.**

_____
Name

Case number (if know) **8:16-bk-13001**

| | |
|---|---|
| **1250** | |

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

_____

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

| 2.3 | **THL A10 Limited** |
|---|---|

Creditor's Name

**Attn: Corporate Counsel
Level 29, Three Pacific
Place
1 Queen's Road East, Hong
Kong, CN
CHINA**

_____
Creditor's mailing address

_____
Creditor's email address, if known

**Date debt was incurred
August 31, 2014**

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**

**Substantially all assets of the Debtor. UCC1
attached as Exhibit "B" to Schedule D. Claim
Amount includes accured interest.**

_____

**Describe the lien**

**UCC Lien (Del. SOS 2014-3518859)**

**Is the creditor an insider or related party?**

☐ No

■ Yes

**Is anyone else liable on this claim?**

■ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

$11,346,301.35    $11,221,527.64

---

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$11,361,898.08** |
|---|---|---|

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Tencent Holdings Limited
Tencent Building, Keji Zhongyi Aven
Hi-Tech Park, Nanshan District
Shenzhen 518057, PRC
CHINA** | Line **2.3** | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 3    PAGE 4

# EXHIBIT 4

Uniform Commercial Code Report: FIREFORGE, INC.

---

| Uniform Commercial Code Report |
|:---:|

## Source Information

| | |
|---|---|
| **Information Current Through:** | 03/10/2017 |
| **Database Last Updated:** | 05/03/2017 |
| **Update Frequency:** | WEEKLY |
| **Current Date:** | 05/04/2017 |
| **Source:** | DE SECRETARY OF STATE |

## Filing Information

| | |
|---|---|
| **Filing Number:** | 20143544236 |
| **Filing Date:** | 09/04/2014 |
| **Filing Time:** | 5:05PM |
| **Related Filing Number:** | 2014 3518859 |
| **Filing Type:** | AMENDMENT |
| **Filing Office:** | SECRETARY OF STATE/UCC DIVISION FEDERAL & DUKE OF YORK STS DOVER, DE 19901 |

## Debtor Information

| | |
|---|---|
| **Debtor(s):** | FIREFORGE, INC. 27261 LAS RAMBLAS, SUITE 200 MISSION VIEJO, CA 92691 |
| **D&B DUNS:** | 84-735-5851 |

## Secured Party or Creditor Information

**Secured Party(s):**      THL A10 LIMITED

The preceding public record data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387) for on-site manual retrieval of documents related to this or other matters. Additional charges apply.

---

End of Document                           © 2017 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 4    PAGE 1

# EXHIBIT 5

DocuSign Envelope ID: 9AFC9630-9D7C-4917-A5D2-EA8FF8427BBD

**Fill in this information to identify the case:**

Debtor 1       FireForge, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number    8:16-bk-13001-TA

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

THL A10 Limited
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jessica McKinlay, Dorsey & Whitney LLP
Name

305 Lytton Avenue
Number    Street

Palo Alto          CA        94301
City              State        ZIP Code

Contact phone  650-843-2708

Contact email  mckinlay.jessica@dorsey.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City              State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

EXHIBIT 5    PAGE 1

Case 8:16-bk-13001-TA   Doc 41   Filed 11/07/17   Entered 11/07/17 16:09:02   Desc
Main Document      Page 40 of 45

DocuSign Envelope ID: 9AFC9630-9D7C-4917-A5D2-EA8FF8427BBD
Case 8:16-bk-13001-TA   Claim 7-1   Filed 12/20/16   Desc Main Document      Page 2 of
3

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $_____11,189,929.35_  **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Loan Agreement, UCC Financing Statement, Copyright Agreement

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:   All personal property of Debtor

**Basis for perfection:**   UCC Financing Statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $   **Unknown**
**Amount of the claim that is secured:**   $   **Unknown**
**Amount of the claim that is unsecured:**   $   **Unknown**   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $   11,189,929.35

**Annual Interest Rate** (when case was filed) 6.00 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

EXHIBIT 5    PAGE 2

DocuSign Envelope ID: 9AFC9630-9D7C-4917-A5D2-EA8FF8427BBD

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/20/2016
                 MM / DD / YYYY

Signature

89E132C542D64C8...

**Print the name of the person who is completing and signing this claim:**

Name             Dan Brody
          First name            Middle name            Last name

Title            Compliance and Transactions Department

Company          THL A10 Limited
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address          Level 29 Three Pacific Place, 1 Queens Road East
          Number            Street

                 Wanchai, Hong Kong
          City                         State     ZIP Code

Contact phone    c/o 650-843-2708              Email  c/o mckinlay.jessica@dorsey.com

---

EXHIBIT 5    PAGE 3

# EXHIBIT 6

**ACORD**

## EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 04/07/2017 |

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE (A/C, No, Ext): (800) 520-5111 | COMPANY NAME AND ADDRESS | NAIC NO: 20281 |
|---|---|---|---|
| C.A. Bridge & Associates Insurance Services - CA Lic 0G00732 Carol Bridge-Sugimoto 1800 Century Park East, Ste 600 Los Angeles          CA  90067-1501 | | Federal Insurance Company | |
| FAX (A/C, No): (310) 504-3589 | E-MAIL ADDRESS: carol@ca-bridgeins.com | IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH | |

| CODE: | SUB CODE: | POLICY TYPE |
|---|---|---|
| AGENCY CUSTOMER ID #: BLACKDOT002-Client | | Package |

| NAMED INSURED AND ADDRESS | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| Black Dot Holdings LLC 27271 Las Ramblas, Ste. 300 Mission Viejo          CA  92691 | | 35944042 |

| EFFECTIVE DATE | EXPIRATION DATE | CONTINUED UNTIL TERMINATED IF CHECKED |
|---|---|---|
| 07/01/2016 | 07/01/2017 | |

| ADDITIONAL NAMED INSURED(S) | THIS REPLACES PRIOR EVIDENCE DATED: |
|---|---|

**PROPERTY INFORMATION** (Use REMARKS on page 2, if more space is required)  ☐ BUILDING OR  ☒ BUSINESS PERSONAL PROPERTY

| LOCATION / DESCRIPTION |
|---|
| 27271 Las Ramblas, Ste. 300 Mission Viejo          CA  92691 |

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| COVERAGE INFORMATION | PERILS INSURED | BASIC | BROAD | ☒ SPECIAL |
|---|---|---|---|---|
| COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE  $ 10,000 | | | | DED: 1,000 |

| | YES | NO | N/A | |
|---|---|---|---|---|
| ☐ BUSINESS INCOME    ☐ RENTAL VALUE | | | ☒ | If YES, LIMIT:          Actual Loss Sustained; # of months |
| BLANKET COVERAGE | | | ☒ | If YES, indicate value(s) reported on property identified above: $ |
| TERRORISM COVERAGE | | | ☒ | Attach Disclosure Notice / DEC |
| IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | | ☒ | |
| IS DOMESTIC TERRORISM EXCLUDED? | | | ☒ | |
| LIMITED FUNGUS COVERAGE | | | ☒ | If YES, LIMIT:          DED |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | | ☒ | |
| REPLACEMENT COST | ☒ | | | |
| AGREED VALUE | | | ☒ | |
| COINSURANCE | | | ☒ | If YES,          % |
| EQUIPMENT BREAKDOWN (If Applicable) | | | ☒ | If YES, LIMIT:          DED |
| ORDINANCE OR LAW  - Coverage for loss to undamaged portion of bldg | | | ☒ | If YES, LIMIT:          DED: |
| - Demolition Costs | | | ☒ | If YES, LIMIT:          DED |
| - Incr. Cost of Construction | | | ☒ | If YES, LIMIT:          DED |
| EARTH MOVEMENT (If Applicable) | | ☒ | | If YES, LIMIT:          DED |
| FLOOD (If Applicable) | | ☒ | | If YES, LIMIT:          DED |
| WIND / HAIL (If Subject to Different Provisions) | | | ☒ | If YES, LIMIT          DED |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | | ☒ | |

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**ADDITIONAL INTEREST**

| | MORTGAGEE | | CONTRACT OF SALE | LENDER SERVICING AGENT NAME AND ADDRESS |
|---|---|---|---|---|
| | LENDERS LOSS PAYABLE | ☒ | Loss Payee | |

| NAME AND ADDRESS |
|---|
| Weneta Kosmala, Trustee for Fireforge 3 MacArthur Place, Suite 760 Santa Ana          CA  92691 |

| AUTHORIZED REPRESENTATIVE |
|---|
| *Carol Bridge Sugimoto* |

ACORD 28 (2011/11)          Page 1 of 2          © 2003-2011 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

EXHIBIT 6    PAGE 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Personal Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(B) and (F); (2) Approving Overbid Procedures; and (3) Approving Buyer as Goodfaith Purchaser Pursuant to 11 U.S.C. § 363(M); Memorandum of Points and Authorities; Declarations of Weneta M.A. Kosmala and Reem J. Bello in Support Thereof</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>November 7, 2017</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>November 7, 2017</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>November 7, 2017</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>Served by Personal Delivery</u>**
Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/7/2017 | Victoria Rosales | /s/ Victoria Rosales |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Reem J Bello     rbello@lwgfllp.com, kadele@wgllp.com;lfisk@wgllp.com
Eamon Jafari     jafari@barringtonlegal.com, gould@barringtonlegal.com
Weneta M Kosmala (TR)     ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Jessica G McKinlay     mckinlay.jessica@dorsey.com
Matthew J Olson     matt@macfern.com, ecf@macfern.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Philip S Warden     philip.warden@pillsburylaw.com,
thomas.loran@pillsburylaw.com;laura.hurtado@pillsburylaw.com;kathy.stout@pillsburylaw.com;deirdre.campino@pillsburylaw.com;candy.kleiner@pillsburylaw.com


**SERVED BY UNITED STATES MAIL**:

FireForge, Inc.
27261 Las Ramblas, Suite 200
Mission Viejo, CA 92691-6472
Debtor

MVPlaza, Inc.
Leslie F. Vandale, Esq.
7 Corporate Plaza
Newport Beach, CA 92660

MVPlaza, Inc.
Agent for Service of Process:
Igor M. Olenicoff
7 Corporate Plaza
Newport Beach, CA 92660

Marc Anthony
Disruptive Visions, LLC
27271 Las Ramblas, Suite 300
Mission Viejo, CA 92691

Disruptive Visions, LLC
Agent for Service of Process:
Gary W. Arnett
27271 Las Ramblas, Suite 300
Mission Viejo, CA 92691

THL A10 Limited
Jessica McKinlay, Esq.
Dorsey & Whitney LLP
305 Lytton Avenue
Palo Alto, CA 94301

THL A10 Limited
Attn:  Corporate Counsel
Level 29, Three Pacific Place
1 Queen's Road East
Hong Kong, CN
CHINA

Dan Brody
Compliance and Transactions Department
THL A10 Limited
Level 29 Three Pacific Place, 1 Queens Road East
Wanchai, Hong Kong
CHINA

Independent Management Services
Jennifer Papadopoulos
P.O. Box 3876
Orange, CA 92857-0876

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                    **F 9013-3.1.PROOF.SERVICE**